IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TAMILA LOMAX,              )
                           )
        Plaintiff,         )
                           )
    vs.                    )   Civil Action No. 10-98-E
                           )
MICHAEL J. ASTRUE,         )
COMMISSIONER OF SOCIAL SECURITY, )
                           )
        Defendant.         )

O R D E R

AND NOW, this 3rd day of January, 2012, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

1

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

The Court finds that substantial evidence supports the ALJ's determination that Plaintiff is not disabled. The primary issue in this case relates to the frequency and effects of Plaintiff's daytime seizures. Plaintiff argues that the ALJ failed to explain "why daytime seizures would not preclude sustained employment" or "why the residuals of nocturnal seizures would not have an impact on functioning on the following day." Plaintiff's Brief in Support of Motion for Summary Judgment (doc. No. 8) at 18-19. The Court disagrees.

In his determination, the ALJ considered Plaintiff's testimony that she suffers from daytime seizures and that the effects of such seizures subsequently render her incapacitated for a short period of time. The ALJ, however, made a credibility determination, and found that Plaintiff's testimony was not well-supported by the objective medical evidence in the record "in terms of the effects of the seizure activity during normal work hours." (R. 17). He found that Plaintiff was unable to state with consistency how often she suffered from seizures and that she often forgot to take her medication. The ALJ explained that the evidence did not support a finding that Plaintiff's daytime seizures happen with sufficient frequency so as to preclude the performance of any and all employment. He also found that the after-effects of the seizures do not rise to the level of preventing her from working. The Court notes that Plaintiff began suffering from seizures in 1996, but did not stop working until 2002. Plaintiff also left work voluntarily and was not fired or forced to quit as a result of her seizures.

The ALJ further supported his reasoning by explaining that the objective medical evidence overwhelmingly demonstrated that the vast majority of Plaintiff's seizures are nocturnal and that her seizures are markedly activated by sleep. Plaintiff even testified that 60% of her seizures occur during the night. Indeed, medical records from December 1, 2008, indicate that Plaintiff had five seizures over the course of five days, all of which occurred at night. (R. 225). These records predate the hearing by less than two months.

The ALJ further afforded strong weight to Plaintiff's treating neurologist, who found that she was not significantly limited in her ability to work. Despite being given the opportunity to do so, Dr. Esper did not indicate that her seizure disorder was of such magnitude as to pose serious problems in terms of her ability to engage in full-time employment. Importantly, there is also no objective medical evidence that indicates Plaintiff's nighttime seizures have such a severe impact on her ability to function the following day. To the contrary, the record reveals that she is still able to cook, clean, do the laundry, go to church, and take care of her three young children.

The Court finds that the ALJ explicitly considered all the relevant medical evidence and resolved any conflicting evidence. Thus, his finding that Plaintiff is not disabled is supported by substantial evidence. It is not the function of

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 7) is DENIED and defendant's Motion for Summary Judgment (document No. 9) is GRANTED.

s/Alan N. Bloch<br>
United States District Judge

ecf:   Counsel of record

---

this Court to engage in the re-weighing of evidence. See <u>Burns v. Barnhart</u>, 312 F.3d 113, 118 (3d. Cir. 2002). So long as the ALJ's conclusions are supported by substantial evidence, this Court may not substitute its own conclusions for that of the ALJ's. <u>Id.</u>